[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION OF ADMINISTRATOR TO BE SUBSTITUTED AS PARTY CT Page 2177
This is an action by a condominium association, and its insurer, against the deceased owner of a condominium unit for negligently causing a fire which damaged several other condominium units.
On October 14, 1992, the plaintiffs moved that Bernard Kean, Administrator of decedent's estate, be substituted for Scott Storms, temporary administrator, the named defendant in this case. Defendant objects to the motion primarily on the ground that Bernard Kean is an employee of the plaintiff insurance company and his appointment would create an impermissible conflict of interest.
Ordinarily it would be improper to make such a substitution, since no action is maintainable in which one person is both plaintiff and defendant, even when acting in different capacities. See 34 C.J.S., Executors and Administrators 689, 1992 Supp.
However, it appears that administration was granted to Mr. Kean by the Court of Probate for the District of Meriden on September 29, 1992, after a hearing and under probate bond of $1,000, and plaintiffs claim that no other person was willing to be appointed Administrator.
Conn. Gen. Stats. 52-599 sets forth a state policy that no cause of action shall be lost by the death of any person. Unless this motion for substitution is granted, the present action will fail. The court is further reassured by the representation of counsel in a proceeding before Judge Koletsky, on February 22, 1993, that if the defendant wishes to have a different Administrator, of their own choosing, appointed, the plaintiff would agree to the immediate substitution of the defendant's choice of Administrator. Under all the circumstances, the Motion of Administrator to be Substituted as Party is granted.
Wagner, J.
CT Page 2178